**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Estate of Eleesha Dorsey, et al., | Case No. 2:25-cv-00811-RFB-MDC |
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 11)** |
| United States of America., | |
| Defendants. | |

The Court has considered the defendants' *Motion to Stay Discovery* (ECF No. 11) ("Motion"). The Court **GRANTS** the Motion.

**I.      LEGAL STANDARD**

Federal courts have the "power to stay proceedings [it] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc*., 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1).

The Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1. The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL

1

2302151, at *2 (D. Nev. May 21, 2024).  The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.*

## II.    DISCUSSION

This is a wrongful death case: the decedent rented an ATV from a non-party company that illegally operated its business on federal Bureau of Land Management ("BLM") land without a permit. The defendants filed a motion to dismiss, in which they argue that this Court lacks subject-matter jurisdiction and that plaintiff fails to state a claim against government (the sole defendant). *ECF No. 8.* Plaintiffs argue that the motion to dismiss will not be granted, but that they need a discovery, "to analyze the totality of the facts and evidence of each case." *ECF No. 12.* Defendant argues that it is responsible for managing million acres of land and that a reading of the plain language of the applicable statutes will either create or not create a duty on the BLM, so no discovery will assist the Court with its decision on the motion to dismiss. *ECF No. 13 at 4.*

Reviewing the Motion in the light most favorable to the plaintiffs, the Court finds that the plaintiffs will not be prejudiced by a short stay of discovery. The plaintiffs argue that they need discovery to analyze the totality of the facts, but they have not shown whether specific discovery is needed to determine if the plaintiff has stated a claim or if this Court has jurisdiction.  The Court finds staying discovery is appropriate in this case.

The defendant, on the other hand, would be prejudiced if discovery commenced now because the issue of jurisdiction has not been resolved and would effectively deny their argument that plaintiff failed to state a claim for which it would be entitled to conduct discovery. Allowing the case to move forward would also prejudice the defendants given that plaintiff's claims, and discovery, may at least be narrowed which would decrease the expense of litigation. The Court finds that the motion to dismiss can

be decided without further discovery. The Court also finds good cause to stay discovery until the Court resolves the issues the defendant raises in the motion to dismiss.

**IT IS ORDERED** that:

1. Defendants' *Motion to Stay Discovery* (ECF No. 11) is **GRANTED.** Discovery in this matter shall be stayed pending resolution of defendants' motion to dismiss (ECF No. 8).

2. If the Court denies' the defendants' motion to dismiss (ECF No. 8), <u>within two weeks of the entry of the Court's order</u>, the parties shall meet and confer and file a stipulated discovery plan and scheduling order incompliance with Local Rule 26-1.

Dated:  January 22, 2026

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

3